FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 27 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

Jose Herrar, Individually and                                  :
on Behalf of All Other Persons Similarly Situated,    :
                                                                              :
                                                                              :
                                        Plaintiff,                    :
          -against-                                                   :
                                                                              :
Vision Pro Communications,                                 :
Cablevision Systems Corporation,                        :
                                                                              :
                                        Defendants.               :

-------------------------------------------------------------X

**COMPLAINT AND
JURY DEMANDED**

**09**     **2216**

**FEUERSTEIN, J.**

**BOYLE, M.J**

          Plaintiff JOSE HERRAR ("Plaintiff"), by counsel and on his own behalf and on behalf

of all others similarly situated, individually and as a Collective Action AND Class

Representative, for his Collective Action and Class Complaint against Defendants VISION

PRO COMMUNICATIONS ("Vision Pro") and CABLEVISION SYSTEMS

CORPORATION ("Cablevision") hereafter collectively "Defendants"), alleges, upon

information and belief, except for the allegations concerning Plaintiff's own actions, as

follows:

## NATURE OF THE ACTION

          1.        Plaintiff Herrar alleges on behalf of himself and other similarly situated current

and former cable installers/technicians employed by Defendants who elect to opt into this

action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are:

(i) entitled to unpaid wages from Defendant for work performed for which they did not receive

any compensation, as well as overtime work for which they did not receive overtime premium

pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29

U.S.C. §§201 *et seq.*

2.       Plaintiff further complains, pursuant to Fed.R.Civ.P. 23, on behalf of himself and a class of other similarly situated current and former cable installers/technicians of the Defendants employed within the State of New York (the "New York Labor Law Class"), that they are entitled to back wages from Defendants for work performed by them as well as for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

<u>**JURISDICTION AND VENUE**</u>

3       This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.       This Court has jurisdiction over Plaintiff's state law claims pursuant to pursuant to 28 U.S.C.§ 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs).

5.       Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of at least one of the Defendants.

6.       Plaintiffs' claims involve matters of national or interstate interest.

7.       Defendants are subject to personal jurisdiction in New York.

8.       This Court also has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, since it is so related to his FLSA claim that it forms part of the same case or controversy.

9.       Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

2

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

11.     Plaintiff Herrar was, at all relevant times, an adult individual, residing in Brooklyn, New York.

12.     From in or about November, 2007 until in or about November 2008, Plaintiff Herrar was employed by Defendants as cable installer/technician, in their Brooklyn, New York location.

13.     Defendants are corporations organized and existing pursuant to the laws of the State of New York.

14.     Defendants Vision Pro and Cablevision are establishments that, both individually and collectively, are engaged in related activities performed through a unified operation or common control for the common business purposes of operating a cable installation.

## COLLECTIVE ACTION ALLEGATIONS

15.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as cable installers/technicians at any time since May 19, 2006 to the entry of judgment in this case (the "Collective Action Period") who were not paid for hours that they actually worked as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek, or, if they were working on a piece work basis, were not paid premium pay for piece work cable installations they completed

3

in during hours worked in excess of forty hours per work week (the "Collective Action Members").

16.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, there are at least 100 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

17.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

18.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

19.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

4

a.  whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff and Collective Action Members are employed, in violation of C.F.R. § 516.4;

d.  whether Defendants failed to pay Plaintiff and the Collective Action Members for all hours which they worked and whether they received any overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.  whether Defendants' violations of the FLSA were willful as that term is used within the context of the FLSA;

f.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

20.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

21.   Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

5

22. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants as cable installers/technicians at any time since May 19, 2003, in the State of New York, to the entry of judgment in this case (the "Class Period"), who have not been paid for all hours worked by them as well as overtime wages in violation of the New York Labor Law (the "Class").

23. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 100 members of Class during the Class Period.

24. The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

25. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

26. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

27. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

6

28. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

    b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c. whether Defendants failed and/or refused to pay the members of the Class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

    d. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

    e. whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

### STATEMENT OF FACTS

29. Plaintiff worked as a cable installer/technician for Defendants, installing Cablevision equipment at various premises throughout the City of New York. His work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

30. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff any compensation for all of the hours worked by him as well as

overtime compensation of one and one-half times his regular hourly rate, in violation of the
FLSA and the NYLL. Specifically, Plaintiff was required to appear for work at 7:30 a.m., and
was routinely required to install and/or repair cable systems for Defendants well past 5:00 p.m.,
frequently working as late as 11:00 p.m at night.  Defendants did not pay Plaintiff for this time,
or credit this time for the purposes of determining the number of hours he worked in a
workweek for overtime purposes.

31. Throughout the Collective Action/Class Period, the Defendants likewise employed
cable installers like the Plaintiff (the "Collective Action/Class Members"). Such individuals
have also worked in excess of forty hours a week yet the Defendants have likewise willfully
failed to pay them any compensation for all of the hours worked by them as well as overtime
compensation of one and one-half times their regular hourly rate in violation of the FLSA and
the NYLL.

32.     As stated, the exact number of such individuals is presently unknown, but
within the sole knowledge of the Defendant and can be ascertained through appropriate
discovery.

33.     During the course of Plaintiff's own employment, and while Defendants
employed Plaintiff and the Collective Action/Class Members, the Defendants failed to
maintain accurate and sufficient time records.

34. Throughout all relevant time periods, Defendants failed to post or keep posted a
notice explaining the minimum wage and overtime pay rights provided by the FLSA and the
NYLL.

8

## CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

35.     Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 34 as if they were set forth again herein.

36.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37.     At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

38.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

39.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to cable installers/technicians for their hours worked in excess of forty hours per workweek as well as compensation for all of the hours worked by them.

40.     As a result of the Defendants' willful failure to compensate its cable installers/technicians, including Plaintiff and the Collective Action Members for all of the hours worked by them, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41.     As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours

9

and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

42.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

43.     Due to the Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from the Defendants their unpaid wages as well as overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

44.     Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 34 as if they were set forth again herein.

45.     At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

46.     Defendants willfully violated Plaintiff's rights and the rights of the Class, by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

47.     Defendants' New York Labor Law violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

48.     Due to Defendants' New York Labor Law violations, Plaintiff and the Class are entitled to recover from Defendants their unpaid wages for all hours worked, overtime compensation, reasonable attorneys' fees and costs and disbursements of the action, pursuant

10

to New York Labor Law § 663(1). Plaintiff waives all claims for liquidated damages pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An award of unpaid wages as well as overtime compensation due under the FLSA; and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 only;

f. An award of prejudgment and post judgment interest;

11

g.      An award of costs and expenses of this action together with reasonable

attorneys' fees and expert fees; and

h.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by this Complaint.

Dated: Rye Brook, New York
       May 26, 2009

KLAFTER OLSEN & LESSER LLP

By: _____
      Fran L. Rudich
Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
Two International Drive, Suite 350
Rye Brook, New York 10573
(914) 934-9200

ASHER, GAUGHRAN LLP
Julie Gaughran
Rachel Asher
223 Katonah Avenue
Katonah, New York 10536
(914) 232-0934

BERGER & ASSOCIATES
Bradley Berger
321 Broadway
New York, New York 10007
(212) 571-1900

*Attorneys for Plaintiff*

12